THE F. O. SAWYER PAPER COMPANY, Appellant, v. THE CONTINENTAL PRINTING COMPANY et al., Respondents.

St. Louis Court of Appeals, November 29, 1898.

1. Assignment: INTERPLEA BY ASSIGNEE: ATTACHMENT: STATUTORY CONSTRUCTION. The assignee of property assigned to him for the benefit of creditors is the title holder under the deed of assignment to him, and when said property is attached by a creditor for a balance due after the assignee had paid part of said claim, the assignee is entitled to interplead for the protection of his title by the express words of Revised Statutes 1889, section 572.

2. ———: ———: ———. As a representative of the creditors he might also defend under the act of the legislature (Sess. Acts 1895, p. 42) permitting creditors to defend attachment suits against their debtor.

3. ———: ———: ———. The act of the legislature (Sess. Acts 1897, p. 38) merely enlarged the remedies of the assignee. It did not in any way affect his previous right to intervene in proper cases in suits for the property assigned to him.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

A. C. & H. B. DAVIS for appellant.

The court erred in allowing George J. Phelps to become a party defendant in the cause. Sess. Acts 1895, p. 42.

J. R. MYERS for respondents.

Assignee in a general assignment for the benefit of creditors has an interest in the assigned estate, and is authorized by law to be made a party defendant to protect the interests of the creditors. Sess. Acts 1895, p. 42; Sess. Acts 1897, p. 38.

BOND, J.—On the twenty-second of June, 1896, plaintiff sued the Continental Printing Company upon notes and account aggregating about $647.25, and on the same day sued out a writ of attachment, to which defendant interposed a plea in abatement; thereafter said Continental Printing Company made an assignment of its assets for the benefit of creditors to George J. Phelps, and the notes and account sued on were presented to said assignee and allowed in full as demands against the estate in his hands; whereafter plaintiff filed an amended petition setting up these facts and admitting certain payments by the assignee on the allowed demands in its favor, and asking judgment for the balance due on said allowed demands. To this amended petition the assignee on his application was permitted to become a party for the purpose of interpleading for the attached property. The court overruled plaintiff's motion to strike out its order making said assignee a party to the cause. Plaintiff duly excepted, and declining to proceed further with its attachment, the same was abated. After a judgment in its favor on the merits plaintiff duly appealed from the judgment against it on the plea in abatement.

The sole question presented relates to the action of the court in permitting the assignee to appear and interplead for the attached property. The court committed no error in this ruling. The assignee was the title holder under the deed of assignment to him of

the property attached, and was therefore entitled to interplead for the protection of his title by the express words of the statute governing interpleas in attachment suits. R. S. 1889, sec. 572. As a representative of the creditors he might also defend under the act of the legislature (Sess. Acts 1895, p. 42) permitting creditors to defend attachment suits against their debtor. The subsequent act of the legislature (Sess. Acts 1897, p. 38) empowering assignees to take action for the recovery of the assigned estate which they could not have taken before because they were *bound* by the acts of their assignor, has no bearing whatever on the point under discussion. The act (1897) merely enlarged the remedies of an assignee. It did not in any way affect his previous right to intervene in proper cases in suits for the property assigned to him.

Finding no reversible error in the ruling of the trial court its judgment is affirmed. All concur.